In the Matter of Nancy L. Kourland, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 10, 1991

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John H. Doyle, III,* and *Susan M. Marotta* of counsel *(Anderson Kill Olick & Oshinsky, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Nancy L. Kourland has petitioned for designation of her Federal felony conviction as a "serious crime" under the Judiciary Law (§ 90 [4] [f]), or in the alternative, for permission to resign from the Bar in lieu of automatic disbarment. The Committee has cross-moved for respondent's disbarment under section 90 (4) (b).*

Respondent was admitted to practice law in New York by this court on March 27, 1989, and has maintained an office for such purpose within the First Judicial Department since then.

On August 1, 1990 respondent and her husband were en route from Texas to Atlanta, when a routine check at a connection point in Memphis disclosed the possible presence of cocaine in her luggage. Authorities in Atlanta, her ultimate destination, were notified. When a drug detector dog alerted on respondent's luggage at the Atlanta airport, a search warrant was obtained. According to the Federal prosecutor, the search led to respondent's arrest and the seizure of three quantities of what were later determined to be narcotic contraband: about 2½ grams of 35% cocaine, about 36½ grams of 40% cocaine, and almost 300 milligrams of 73% cocaine.

After arraignment, according to respondent, she was strongly urged by counsel to avoid having her case heard in State court because the Judge presiding in Atlanta had a reputation for being particularly harsh with narcotics offenders, especially those from out of State. The case was removed to the United States District Court for the Northern District of Georgia, where respondent was, owing to the circumstances, forced to accept a plea bargain. On February 1, 1991 she pleaded guilty to a single-count information charging unlawful possession of a controlled substance with intent to distribute, a felony in violation of 21 USC § 841. Respondent is awaiting

---

* The parties have since agreed to the present configuration of the caption, wherein the Committee is designated the petitioner, and Ms. Kourland the respondent.

sentence, which carries a mandatory minimum of 15 to 24 months in jail.

The Committee learned of the criminal proceedings almost immediately after respondent's arrest in August 1990. When her counsel broached with the Committee the possibility of a resignation from the Bar, he was told—and we believe correctly so—that such a request would have to be opposed as premature, in light of the incomplete record of the pending criminal proceedings. Respondent was well aware of the consequences of disbarment upon conviction of a felony (see, Judiciary Law § 90 [5] [b]). When the Federal Judge at plea asked respondent whether she had "lost [her] right to practice law in New York" or had simply "quit voluntarily", she responded that "when the sentence of conviction is entered in this court, I will be automatically disbarred for a period of seven years from the New York State Bar."

██ When an attorney is under the cloud of a criminal proceeding, entertainment of an application to resign is inappropriate (see, Matter of Swirsky, 103 AD2d 195). Furthermore, once there is a felony conviction, disbarment is automatic, thus foreclosing the avenue of resignation (Matter of Braunstein, 156 AD2d 109; Matter of Merola, 131 AD2d 58, 59). Lest there be any doubt, for purposes of disciplinary proceedings a felony conviction calls for automatic disbarment upon entry of plea, rather than upon imposition of sentence (Matter of David, 145 AD2d 150).

The only remaining question is whether the Federal felony under 21 USC § 841 has a felony analogue under New York law (see, Judiciary Law § 90 [4] [e]). If so, disbarment would be automatic upon plea to the Federal felony (see, § 90 [4] [a]). If not, the offense would be considered merely a "serious crime" (§ 90 [4] [d]), opening the door to further proceedings on appropriate discipline.

The Committee offers Penal Law § 220.06 (1) (criminal possession of a controlled substance in the fifth degree), a class D felony, as the New York analogue to 21 USC § 841. The Federal felony makes criminal the possession of a controlled substance with intent to *distribute* same. The term "distribute" is defined as meaning "to deliver" (21 USC § 802 [11]). The New York statute criminalizes possession of a controlled substance with intent to *sell* same. The term "sell" is defined as meaning, *inter alia,* to "give or dispose of to another" (Penal Law § 220.00 [1]). Respondent acknowledged, during the

plea allocution in the Georgia Federal court, that she did have a cocaine dependency, that she would on occasion share the cocaine she acquired with another individual, and that it was "likely" that this particular quantity of cocaine which had been seized "would have [been] shared with this one individual."

■ For purposes of section 90 (4) (e), the felony of the foreign jurisdiction need not be a "mirror image" of the New York felony so long as it has "essential similarity" to the New York crime *(Matter of Margiotta,* 60 NY2d 147, 150). The terms "distribute" (defined under Federal law as "to deliver") and "sell" (defined under New York law as "to give") are sufficiently similar as to make the New York felony an analogue of the Federal crime.

Respondent's application to resign in lieu of disbarment should be denied. The Committee's petition to disbar respondent owing to her Federal felony conviction should be granted, and respondent's name should be stricken from the roll of attorneys authorized to practice law in this State.

CARRO, J. P., ROSENBERGER, WALLACH, ASCH and RUBIN, JJ., concur.

Respondent's application seeking an order declaring her impending sentencing in Federal court to be for a serious crime within the meaning of Judiciary Law § 90 (4), or for leave to resign from the Bar, denied, petitioner's cross motion granted, and respondents' name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 10, 1991, all as indicated.