[638 NYS2d 293]

In the Matter of JOHN V. MARCHISELLO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 6, 1996

APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lee A. Ginsberg* of counsel *(Freeman, Nooter & Ginsberg,* attorneys), for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent John V. Marchisello was admitted to the practice of law in New York by the Second Judicial Department on July 1, 1987. At all times pertinent to this proceeding, respon-

dent maintained an office for the practice of law within the First Judicial Department.

On or about December 15, 1992, respondent pleaded guilty to charges of bribing a witness, tampering with a witness in the third degree and intimidating a victim or witness in the third degree, in violation of State law. In a prosecution which also arose out of the activities of respondent's former law firm, on September 12, 1995, respondent was sentenced in the Federal Court for the Southern District of New York to a term of eight months' imprisonment and a fine of $7,500 for racketeering and a tax charge.

By petition dated May 16, 1994, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was disbarred upon conviction of a felony offense, as defined by Judiciary Law § 90 (4) (e).

Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such." Judiciary Law § 90 (4) (e) provides, in pertinent part, "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state".

Respondent stands convicted of bribing a witness, in violation of Penal Law § 215.00 (a) and (b), a class D felony; tampering with a witness in the third degree, in violation of Penal Law § 215.11 (1) and (2), a class E felony; and of intimidating a victim or witness in the third degree, in violation of Penal Law § 215.15 (1), a class E felony. For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*see, Matter of Kourland*, 172 AD2d 77; *Matter of David*, 145 AD2d 150). Thus, pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney by operation of law upon his conviction for criminal offenses which are classified as felonies under the laws of this State.

Accordingly, respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., RUBIN, KUPFERMAN, NARDELLI and WILLIAMS, JJ., concur.

Petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective February 6, 1996.