[645 NYS2d 296]

In the Matter of HOWARD KRANTZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1996

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Howard Krantz, was admitted to the practice of

law in the State of New York by the First Judicial Department on December 5, 1955. By petition dated April 8, 1996, the Departmental Disciplinary Committee seeks an order striking the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

The record discloses that on March 11, 1996, the respondent was convicted in the United States District Court for the Eastern District of New York of conspiracy to commit murder for hire, in violation of 18 USC §§ 371 and 1958, and use of a firearm in connection with murder, in violation of 18 USC § 924 (c). The indictment pursuant to which respondent was convicted describes a conspiracy in which respondent and others arranged for the murder of a witness who was to testify against one of respondent's codefendants in an unrelated criminal prosecution of that individual. The indictment further alleged that respondent mailed funds in payment for the murder to the hitman both before and after the murder occurred. Respondent has not yet been sentenced.

There is no question that the crime of conspiracy to commit murder for hire is essentially similar to a conviction of conspiracy to commit murder under New York Penal Law § 105.15, a class B felony, and that therefore respondent was automatically disbarred upon his conviction under the Federal statute. The fact that respondent has not yet been sentenced does not render the petition premature since for the purposes of disbarment, a conviction occurs at the time of plea or verdict (see, Matter of Kourland, 172 AD2d 77).

Accordingly, the petition is granted, and the respondent's name is hereby stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

MURPHY, P. J., SULLIVAN, KUPFERMAN, ROSS and MAZZARELLI, JJ., concur.

Petition granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.