[672 NYS2d 48]

In the Matter of MARILYN ROSENTHAL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1998

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Marilyn Rosenthal was admitted to the practice of law in the State of New York by the First Judicial Department on June 17, 1985. At all times relevant herein, respon-

dent has maintained an office for the practice of law within this Department.

On or about September 29, 1997, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York of one count of conspiracy to defraud the United States, in violation of 18 USC § 371. This offense is a felony under the United States Code.

Petitioner Departmental Disciplinary Committee seeks an order determining that the crime of which respondent was convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d); suspending respondent as an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made. Respondent has not appeared in this proceeding.

Pursuant to Judiciary Law § 90 (4) (d), a felony under United States law which does not constitute a felony under New York law is a serious crime. Accordingly, the crime of which respondent stands convicted constitutes a "serious crime" (*see, Matter of Lee*, 235 AD2d 110). Although the record does not reflect that respondent has been sentenced, the guilty verdict is a sufficient predicate for the petition. (*See, Matter of Kourland*, 172 AD2d 77.) Pursuant to Judiciary Law § 90 (4) (f), respondent should be suspended during the pendency of the disciplinary proceeding. (*See, Matter of Woodward*, 218 AD2d 65.)

Accordingly, the Committee's petition is granted, the offense of which respondent has been convicted is deemed a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and respondent is suspended from the practice of law forthwith and until further order of this Court. Respondent is directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee, who shall thereupon hold a hearing and issue a report and recommendation why a final order of censure, suspension or disbarment should not be made.

SULLIVAN, J. P., MILONAS, WALLACH, TOM and ANDRIAS, JJ., concur.

Motion granted, and the crime of which respondent stands convicted constitutes a "serious crime", respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, pending conclusion of all the disciplinary proceedings herein, and until the

further order of this Court, and this matter is referred to a Referee to conduct a hearing and file a report, all as indicated.