[678 NYS2d 724]

In the Matter of MARILYN ROSENTHAL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 8, 1998

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Marilyn Rosenthal,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Marilyn Rosenthal was admitted to the practice of law in the State of New York by the First Judicial Department on June 17, 1985. At all times relevant herein, respondent has maintained an office for the practice of law within this Department.

On or about September 29, 1997, respondent, who had submitted petitions to the Immigration and Naturalization Service stating that a petitioning alien and his spouse were living together when she knew or should have known that they were not, was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of one count of conspiracy to defraud the United States, in violation of 18 USC § 371. This offense is a felony under the United States Code.

As a result of respondent's conviction, on April 21, 1998, this Court granted the petition of the Departmental Disciplinary Committee to deem the offense of which respondent has been convicted a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and suspended respondent from the practice of law forthwith and until further order of this Court (241 AD2d 220). Respondent was directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee, who shall thereupon hold a hearing and issue a report and recommendation why a final order of censure, suspension or disbarment should not be made.

Respondent now seeks to resign from the Bar. She states that her resignation is freely and voluntarily rendered, that she is not being subjected to coercion or duress and that she is fully aware of the implications of submitting her resignation. Respondent admits her guilt of the underlying crime, acknowledges the pending disciplinary investigation, and states that she could not successfully defend herself on the merits against the charges.

The Disciplinary Committee moves for an order accepting respondent's affidavit of resignation. In light of the foregoing and since the affidavit fully complies with Rules of this Court (22 NYCRR) § 603.11, the motion should be granted and respondent's name should be stricken from the roll of attorneys.

SULLIVAN, J. P., MILONAS, WALLACH, TOM and ANDRIAS, JJ., concur.

Motion granted, respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and

counselors-at-law in the State of New York, effective October 8, 1998.