[698 NYS2d 223]

In the Matter of LAWRENCE A. SMITH (Admitted as LAWRENCE ARON SMITH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 18, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Ronald C. Minkoff* of counsel (*Beldock, Levine & Hoffman, L. L. P.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lawrence A. Smith was admitted to the practice

of law in New York by the Second Judicial Department on March 20, 1963 as Lawrence Aron Smith. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about June 22, 1999, respondent pleaded guilty to scheme to defraud in the first degree, a class E felony (Penal Law § 190.65 [1] [b]). He admitted that he and his law firm had bribed adjusters so as to expedite the settling of numerous personal injury cases and had "kicked back" a portion of the insurance companies' settlement payments to the insurance adjusters who participated in the illegal scheme. Respondent was sentenced to an unconditional discharge and fined $15,000.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Respondent asks for a lesser sanction or permission to resign, stating that he is 61 years old and has no prior disciplinary record. He asserts that other attorneys who engaged in similar misconduct were permitted to plead to misdemeanors and allowed to continue practicing law. However, this Court has no discretion to consider respondent's contentions (*Matter of Kourland*, 172 AD2d 77). Having been convicted of a felony as defined in Judiciary Law § 90 (4) (e), he was automatically disbarred by operation of law pursuant to Judiciary Law § 90 (4) (b) (*Matter of Braunstein*, 156 AD2d 109).

Accordingly, the Committee's petition seeking an order striking respondent's name from the roll of attorneys should be granted.

ROSENBERGER, J. P., WILLIAMS, TOM, MAZZARELLI and SAXE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law, as indicated.