[743 NYS2d 339]

In the Matter of DAVID B. GROSSMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 3, 2002

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*David B. Grossman,* Central Square, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Ap-

pellate Division, Second Department, on June 11, 1986, and formerly maintained an office for the practice of law in Central Square. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including neglect, failure to carry out contracts of employment and misappropriation of client funds. Respondent filed an answer denying material allegations of the petition and a Referee was appointed to conduct a hearing. The Referee has filed a report, which the Grievance Committee moves to confirm in part.

The Grievance Committee subsequently filed a supplemental petition charging respondent with additional acts of professional misconduct. Respondent filed an answer admitting the material allegations of the supplemental petition and appeared before this Court to submit matters in mitigation.

We confirm the findings of fact made by the Referee, with the following exceptions. First, we disaffirm the finding that respondent erroneously stored in a file the sum of $5,000 in cash that should have been deposited in an escrow account. On the record before us, we find instead that the facts establish that respondent misappropriated the funds and claimed to have found the cash, misfiled, only after he had been notified of the clients' complaint.

Second, we disaffirm the findings of fact made by the Referee that respondent was unable to represent his clients properly, and, specifically, that he was unable to finalize a client's divorce, because he was locked out of his office. We find that respondent could have obtained access to his office by arranging a time with the landlord's attorney and that his failure to finalize the divorce resulted from his failure to pursue the matter. The facts establish that respondent neglected the legal matters of eight clients and effectively abandoned the clients without explanation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to avoid foreseeable prejudice to the rights of clients;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of clients;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally engaging in conduct causing prejudice to clients;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4])—failing to maintain client funds in an appropriate account;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into his possession and render appropriate accounts to the client regarding them; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to clients property in his possession that the clients were entitled to receive.

We have considered the matters submitted by respondent in mitigation. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for a period of three years and until further order of the Court.

GREEN, J.P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of suspension entered.