[761 NYS2d 161]

In the Matter of BETH A. CARPENTER (Admitted as BETH ANN CARPENTER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 22, 2003

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on September

19, 1991. She is also admitted to the practice of law in the State of Connecticut.

On April 12, 2002, respondent was convicted, after a jury trial in the Superior Court of Connecticut, Judicial District of New London, of capital felony murder, accessory to murder and conspiracy to commit murder, all felonies, in violation of Connecticut General Statutes § 53a-54b (2), § 53a-54a (a) and § 53a-8 (a), and §§ 53a-48 and 53a-54a, respectively. On August 2, 2002, respondent was sentenced to life imprisonment without the possibility of parole. As a result of her conviction, respondent was suspended from the practice of law by the Superior Court of Connecticut on October 11, 2002 pending determination of her appeal from her convictions. Respondent failed to report her conviction to the Disciplinary Committee as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that she was automatically disbarred upon her conviction of felonies as defined by the Judiciary Law § 90 (4) (e). The petition was personally served on respondent at York Correction Institution on November 18, 2002, but she has not appeared in this proceeding or interposed any response.

The Committee asserts that respondent's Connecticut conviction for capital felony murder is a basis for automatic disbarment since it is cognizable, or essentially similar, to the New York felony of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]). The elements of the relevant Connecticut statute are: (1) intent to cause the death of another, (2) acting in concert with another, and (3) causing said death for pecuniary gain. The elements of New York's felony of murder in the first degree are: (1) intent to cause the death of another, (2) causing the death of such person, and (3) having committed the killing or procured the commission of the killing pursuant to an agreement with a person to commit the same for receipt, or in expectation of the receipt, of anything of pecuniary value from a party to the agreement (Penal Law § 125.27 [1] [a] [vi]).

As also pointed out by the Committee, the fact that respondent has not been sentenced does not make this petition premature since, for purposes of disciplinary proceedings, a conviction calls for automatic disbarment at the time of plea or verdict rather than upon imposition of sentence (*see Matter of Kourland*, 172 AD2d 77, 79 [1991]).

Thus, respondent's Connecticut conviction of capital felony murder constitutes a felony within the meaning of Judiciary Law § 90 (4) (e) because it fits squarely within the language of the New York murder statute. Consequently, respondent's conviction is a proper predicate for automatic disbarment (*see Matter of Krantz*, 223 AD2d 37 [1996]) and her name should be stricken from the roll of attorneys (*Matter of Margiotta*, 60 NY2d 147 [1983]).

Accordingly, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b).

MAZZARELLI, J.P., ANDRIAS, SAXE, WILLIAMS and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 12, 2002.