[829 NYS2d 293]

In the Matter of DAVID B. GROSSMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 17, 2006

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Acting Chief Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*David B. Grossman*, Central Square, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department on June 11, 1986. On May 3, 2002, this Court entered an order suspending respondent for a period of three years and until further order of the Court for misconduct that included misappropriation of client funds (*Matter of Grossman*, 293 AD2d 82 [2002]). Respondent has not applied for reinstatement.

On October 11, 2002, respondent was convicted upon his plea of guilty in the United States District Court for the Eastern District of New York of money laundering (18 USC § 1956 [a] [1] [A] [i]; [B] [i], [ii]) and conspiracy to commit securities fraud (15 USC § 78j [b]; § 78ff; 18 USC § 371). He has not yet been sentenced.

The Grievance Committee filed a petition charging respondent with acts of misconduct based upon the facts underlying his plea of guilty in federal court. Respondent did not file an answer to the petition and, instead, submitted to this Court a proposed resignation from the practice of law.

Respondent admitted in the plea allocution in federal court that he agreed with another person to accept a check in the amount of $125,000, knowing that it constituted the proceeds of unlawful activity, and that, prior to transferring the funds to a third party, to deposit the check into his attorney trust account in order to conceal the origin of the funds and to avoid a transaction reporting requirement imposed by law. Respondent further admitted that he engaged in a scheme to defraud the investing public and that, in furtherance of the scheme, he issued a false opinion letter in violation of the rules and regulations of the Securities and Exchange Commission in order to free certain securities for sale on the open market.

Respondent has admitted to the commission of conduct that, ''if committed within this state, would constitute a felony in this state'' (Judiciary Law § 90 [4] [e]), i.e., he has admitted to the commission of conduct that would constitute money laundering in the fourth degree (Penal Law § 470.05 [3]) and fraudulent practices with respect to stocks, bonds and other securities (General Business Law § 352-c [5]), both class E felonies. Respondent therefore is disbarred by operation of law (*see* Judiciary Law § 90 [4] [a], [e]; *Matter of*

*Delany*, 87 NY2d 508, 512 [1996]; *Matter of Johnston*, 75 NY2d 403 [1990]). The fact that respondent has not yet been sentenced in federal court does not preclude automatic disbarment, because conviction occurs upon the entry of the plea (*see Matter of Chilewich*, 20 AD3d 109, 110 [2005]; *Matter of Porges*, 297 AD2d 1, 3 [2002]; *Matter of Salamone*, 287 AD2d 143 [2001]).

Because respondent is disbarred by operation of law, he may not resign (*see Matter of Kourland*, 172 AD2d 77, 80 [1991]). Additionally, in view of our determination in this matter, consideration of the charges of misconduct in the petition is unnecessary, and the petition is dismissed.

SCUDDER, J.P., GORSKI, GREEN and PINE, JJ., concur.

Order of disbarment entered pursuant to Judiciary Law § 90 (4) (a), (e).