[863 NYS2d 239]

In the Matter of CHRISTOPHER COLLOTTA (Admitted as CHRISTOPHER KEITH COLLOTTA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 12, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Christopher Collotta*, Bayport, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

On May 10, 2007, the respondent entered a plea of guilty to the federal felonies of conspiracy to commit securities fraud, in violation of 18 USC § 371, and committing securities fraud, in violation of 15 USC § 78j (b) and § 78ff, in the United States District Court for the Southern District of New York.

On October 4, 2007, the respondent was sentenced to a term of probation of three years with the special condition of home confinement for six months. An assessment of $200 and a fine of $3,000 were imposed.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of securities fraud, in violation of 15 USC § 78j (b) and § 78ff, has been held to be essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6) (*see Matter of Drescher*, 303 AD2d 54 [2003]). Accordingly, it serves as a proper predicate for the respondent's automatic disbarment.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony and was automatically disbarred at the time of his sentencing for the federal felonies on October 4, 2007. The motion of the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys is granted.

Subsequent to the entry of a plea of guilty to the federal felonies but prior to the imposition of sentence, the respondent submitted an affidavit of voluntary resignation dated August 31, 2007. In view of the respondent's automatic disbarment upon his conviction of a felony, the proffered resignation, dated August 31, 2007, is rejected.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Christopher Collotta, admitted as Christopher Keith Collotta, is disbarred effective October 4, 2007, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Christopher Collotta, admitted as Christopher Keith Collotta, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Christopher Collotta, admitted as Christopher Keith Collotta, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher Collotta, admitted as Christopher Keith Collotta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the respondent's proffered resignation dated August 31, 2007 is rejected in view of his disbarment upon his felony conviction.