[862 NYS2d 590]

In the Matter of RANDI ALARCON (Admitted as RANDI ELAINE ALARCON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 12, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Randi Alarcon*, Bayport, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On May 10, 2007, the respondent, under the name Randi Collotta, entered a plea of guilty to the federal felonies of conspiracy to commit securities fraud, in violation of 18 USC § 371, and committing securities fraud, in violation of 15 USC § 78j (b) and § 78ff, in the United States District Court for the Southern District of New York.

On October 4, 2007, the respondent was sentenced to a term of 60 days' incarceration to be served during nights, weekends, or other times to which she and the Bureau of Prisons mutually agree to enable her to maintain her employment, four years' probation with the special conditions of home confinement for six months, and participation in a mental health program. At no time was the respondent's mental capacity at issue in this proceeding. In addition, the District Court imposed a fine in the sum of $3,000 and an assessment in the sum of $200.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of securities fraud, in violation of 15 USC § 78j (b) and § 78ff, has been held to be essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6) (*see Matter of Drescher*, 303 AD2d 54 [2003]). Accordingly, it serves as a proper predicate for the respondent's automatic disbarment.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon her conviction of a felony and was automatically disbarred at the time of her sentencing for the federal felonies on October 4, 2007. The motion of the Grievance Committee for the Tenth Judicial District

to now strike the respondent's name from the roll of attorneys should be granted.

Subsequent to the entry of a plea of guilty to the federal felonies but prior to the imposition of sentence, the respondent submitted an affidavit of voluntary resignation dated August 30, 2007. In view of the respondent's automatic disbarment upon her conviction of a felony, her proffered resignation is rejected.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and McCARTHY, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Randi Alarcon, admitted as Randi Elaine Alarcon, is disbarred effective October 4, 2007, and her name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Randi Alarcon, admitted as Randi Elaine Alarcon, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Randi Alarcon, admitted as Randi Elaine Alarcon, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Randi Alarcon, admitted as Randi Elaine Alarcon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the respondent's proffered resignation dated August 30, 2007, is rejected in view of her disbarment upon her felony conviction.