[940 NYS2d 893]

In the Matter of MICHAEL ADAM KIMELMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 27, 2012

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By superseding indictment dated April 7, 2011, the respondent, an attorney and securities trader, was charged, in the United States District Court for the Southern District of New York, with securities fraud (counts 6 and 12) in violation of 15 USC § 78j (b) and § 78ff, and conspiracy to commit securities fraud (count 2) in violation of 18 USC § 371. As summarized therein, from about 2006 through 2008, the respondent was one of several conspirators who engaged in an "insider trading" scheme utilizing nonpublic information provided by certain of the conspirators.

On or about June 13, 2011, upon a jury verdict, the respondent was found guilty under counts 2, 6 and 12 of the superseding indictment (to wit, securities fraud and conspiracy to commit securities fraud).

By judgment dated October 12, 2011, the respondent was sentenced in the United States District Court for the Southern District of New York (Sullivan, J.) to concurrent terms of 30 months imprisonment. The respondent was ordered to surrender on December 12, 2011.

By order of forfeiture filed October 12, 2011, the respondent was directed to disgorge profits in the sum of $289,079, which he realized as part of the criminal scheme.

Pursuant to Judiciary Law § 90 (4) (a), an attorney is automatically disbarred and ceases to be an attorney upon his "convict[ion] of a felony." Judiciary Law § 90 (4) (e) defines a "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein *which if committed within this state, would constitute a felony in this state*" (emphasis added). It is well settled that a felony committed under federal law, which is "essentially similar" to a felony under New York Law, triggers automatic disbarment (*Matter of Margiotta,* 60 NY2d 147, 149 [1983]).

The substantive crimes for which the respondent was convicted were securities fraud, as proscribed by 15 USC § 78j

(b) and § 78ff, and conspiracy to commit securities fraud, as proscribed by 18 USC § 371. In *Matter of Collotta* (54 AD3d 98, 99 [2008]), this Court held that

> "[t]he federal felony of securities fraud, in violation of 15 USC § 78j (b) and § 78ff, has been held to be essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6) (*see Matter of Drescher*, 303 AD2d 54 [2003]). Accordingly, it serves as a proper predicate for . . . automatic disbarment" (*cf. Matter of Kodsi*, 75 AD3d 11 [2010]; *Matter of Alarcon*, 54 AD3d 101 [2008]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has submitted no opposition to the motion of the Grievance Committee for the Ninth Judicial District. Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of June 13, 2011.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and LEVENTHAL, JJ., concur.

Ordered that the motion of the Grievance Committee for the Ninth Judicial District is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Michael Adam Kimelman, is disbarred, effective June 13, 2011, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael Adam Kimelman, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Michael Adam Kimelman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Adam Kimelman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).