OPINION OF THE COURT
Per Curiam.
On April 21, 2011, the respondent pleaded guilty in the United States District Court for the Southern District of New York, before the Honorable Richard J. Sullivan, to the following offenses: conspiracy to commit securities fraud, in violation of 18 USC § 371; and securities fraud (two counts), in violation of 15 USC § 78j (b) and § 78ff, 17 CFR 240.10b-5 and 18 USC § 2, both federal felonies. He was sentenced on August 19, 2011, to concurrent terms of three years’ imprisonment on each count. A fine of $32,500 and an assessment fee of $200 were also imposed, along with various conditions.
As revealed in a transcript of the plea proceeding, the respondent was engaged in insider trading. The United States Government summarized its case as follows:
“At trial the government would show that Mr. [Zvi] Goffer obtained from Arthur Cutillo and Brien Santarlas material nonpublic information that Cutillo and Santarlas misappropriated from Ropes and Gray, a law firm, in violation of their duties and trust and confidence to Ropes and Gray and its clients, and Mr. Goffer obtained this information using Jason Goldfarb as an intermediary.”
Specifically, in or about July or August 2007, Cutillo and Santarlas conveyed information about the acquisition of 3Com Corporation (hereinafter 3Com) to the respondent, who, in turn, provided the information to Goffer. Based on this material nonpublic information, Goffer purchased 75,000 shares of 3Com stock. In exchange for this information, Goffer paid Cutillo, Santarlas, and the respondent approximately $75,000. Trades in Goffer’s account and his brother’s account from this information resulted in profits in excess of $1 million. Similarly, Cutillo and Santarlas, using the respondent as an intermediary, passed material nonpublic information about the acquisition of Axcan Pharm, Inc., to Goffer. In exchange for this information, Goffer paid approximately $22,500 to Cutillo, Santarlas, and the respondent. The respondent admitted that he participated in this scheme, that he knew Cutillo and Santarlas were likely breaching a fiduciary duty, and that he knew that what he was doing was wrong and illegal.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150 [1983]):
*14 “The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it ‘would constitute a felony in this state.’ (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity.”
The federal felony of securities fraud, in violation of 15 USC § 78j (b) and § 78ff, has been held to be essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6) (see Matter of Alarcon, 54 AD3d 101 [2008]; Matter of Collotta, 54 AD3d 98 [2008]; Matter of Drescher, 303 AD2d 54 [2003]).
In a letter dated June 30, 2011, addressed to the Court, the respondent, who does not object to the motion to strike his name from the roll of attorneys and counselors-at-law, expressed his remorse. He wished the Court to know that he was motivated by the desire to help his parents, who, experiencing difficulties, had turned to him for financial assistance.
By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
Accordingly, the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent’s name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted, to reflect the respondent’s disbarment as of April 21, 2011.
Mastro, A.P.J., Rivera, Skelos, Dillon and Dickerson, JJ., concur.
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Jason Goldfarb, admitted as Jason Cory Goldfarb, is disbarred, effective April 21, 2011, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Jason Goldfarb, admitted as Jason Cory Goldfarb, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jason Goldfarb, admitted as Jason *15 Cory Goldfarb, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Jason Goldfarb, admitted as Jason Cory Goldfarb, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).