*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 31, 2014                    D-37-14
_____

In the Matter of ERIK C.
    SANDERSON, an Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,
                    Petitioner;              MEMORANDUM AND ORDER

ERIK C. SANDERSON,
                    Respondent.

(Attorney Registration No. 4028205)
_____


Calendar Date:   June 30, 2014

Before:   Lahtinen, J.P., Stein, Garry, Rose and Clark, JJ.


                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        Erik C. Sanderson, Waterford, respondent pro se.


                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 2002
and presently resides in the Town of Waterford, Saratoga County.

        On February 7, 2012, respondent was convicted in Albany
County upon his plea of guilty of the crime of promoting a sexual
performance by a child, a class D felony (see Penal Law

§ 263.15).[1]

Petitioner moves pursuant to Judiciary Law § 90 (4) (a) and (b) to strike respondent's name from the roll of attorneys. Respondent cross-moves for permission to voluntarily resign pursuant to this Court's rules (see 22 NYCRR 806.8).

Respondent was automatically disbarred and ceased to be an attorney by operation of law when he entered his guilty plea to a felony, which "was equivalent to a conviction for attorney discipline purposes" (Matter of Russell, 216 AD2d 790, 791 [1995]; see Judiciary Law § 90 [4] [a]; Matter of Brunet, 106 AD3d 1443 [2013]; Matter of Reidy, 77 AD3d 1276 [2010]). Consequently, "petitioner's motion to strike respondent's name from the [roll] of attorneys [is] a formality which merely confirms respondent's disbarred status" (Matter of Brunet, 106 AD3d at 1443; see Matter of Krouner, 305 AD2d 932 [2003]). Given these circumstances, respondent's request to voluntarily resign pursuant to 22 NYCRR 806.8 is inapposite and is rejected (see e.g. Matter of Klimow, 299 AD2d 723 [2002]; see also Matter of Collotta, 54 AD3d 98 [2008]; Matter of Grossman, 36 AD3d 170, 171-172 [2006]; Matter of Kourland, 172 AD2d 77, 79 [1991]). Therefore, we grant petitioner's motion and strike respondent's name from the roll of attorneys.

Lahtinen, J.P., Stein, Garry, Rose and Clark, JJ., concur.

ORDERED that petitioner's motion is granted and respondent's cross motion is denied; and it is further

ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

---

[1] Although Judiciary Law § 90 (4) (c) requires attorneys to report criminal convictions within 30 days, respondent failed to report his felony conviction to this Court until April 28, 2014.

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as a principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court