[63 NYS3d 97]

In the Matter of NACHMAN AARON TROODLER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 1, 2017

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

On March 7, 2017, the respondent pleaded guilty in the United States District Court for the Southern District of New York, before the Honorable Cathy Seibel, to the following offenses: conspiracy to commit securities fraud and wire fraud in violation of 18 USC § 371, and securities fraud in violation of 15 USC §§ 78j (b) and 78ff, 17 CFR 240.10b-5, and 18 USC § 2. At the plea proceeding, the respondent admitted, among other things, that from in or about 2008 to June 2015, he served both as the executive director of the Ramapo Local Development Corporation (hereinafter the RLDC), and as an Assistant Town Attorney for the Town of Ramapo, New York. Christopher St. Lawrence was the elected supervisor of the Town and the president of the RLDC. The RLDC built a minor league baseball facility and a 132-unit condominium complex known as Ramapo Commons. From in or about February 2013 to in or about June 2015, St. Lawrence and the respondent were part of a group that defrauded investors concerning municipal bonds issued by the Town and the RLDC by making false statements and by omitting material facts about both the RLDC's liquidity and the respondent's certifications of the official statements relating to RLDC's bond offering.

The respondent's counsel timely notified this Court of the respondent's convictions, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his conviction of a felony.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

The Grievance Committee asserts that the respondent's conviction of the federal felony of securities fraud in violation of 15 USC §§ 78j (b) and 78ff has been held to be essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6), which proscribes and criminalizes fraud in the sale of securities in this state (*see Matter of Goldfarb*, 96 AD3d 12 [2012]; *see also Matter of Alarcon*, 54 AD3d 101 [2008]; *Matter of Collotta*, 54 AD3d 98 [2008]; *Matter of Drescher*, 303 AD2d 54 [2003]).

The respondent has submitted an affidavit in response dated June 9, 2017, in which, among other things, he acknowledged that he failed to act properly to protect investors and the citizens of the Town, expressed his remorse, and requested that the Court grant the Grievance Committee's motion.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted to reflect the respondent's disbarment as of March 7, 2017.

ENG, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, Nachman Aaron Troodler, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Nachman Aaron Troodler, is disbarred, effective March 7, 2017, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Nachman Aaron Troodler, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Nachman Aaron Troodler, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice,

board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Nachman Aaron Troodler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).