Matter of Gessen (2024 NY Slip Op 04485)

Matter of Gessen

2024 NY Slip Op 04485

Decided on September 19, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 19, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy
Justice Presiding
Martin Shulman Bahaati E. Pitt-Burke John R. Higgitt Kelly O'Neill Levy
Justices.

Motion No. 2024-03085 Case No. 2024-03991 

[*1]In the Matter of Allen A. Gessen, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Allen A. Gessen (Admitted as Allen Aleksey Gessen) (OCA Atty. Reg. No. 4131660), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Allen A. Gessen, was admitted, as Allen Aleksey Gessen, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 21, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York  (Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Allen A. Gessen was admitted, as Allen Aleksey Gessen, to the practice of law in the State of New York by the First Judicial Department on March 21, 2003. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On November 20, 2013, this Court suspended respondent from the practice of law for failure to file attorney registration statements and to pay biennial registration fees in violation of Judiciary Law § 468-a. By order entered July 29, 2021, this Court granted his motion for reinstatement as an attorney and counselor-at-law in the State of New York and reinstated him effective immediately (Matter of Attorneys Who Are in Violation of Judiciary Law § 468-a [Gessen], 2021 NY Slip Op 69619[U] [1st Dept 2021].
On May 8, 2023, respondent was convicted, after a jury trial in the U.S. District Court for the Northern District of California, of murder for hire (18 USC § 1958), a federal felony, based on his attempt to hire a hitman to murder the mother of his young children in exchange for the payment of $50,000. On April 24, 2024, he was sentenced to a term of 120 months, to be followed by three years of supervised release.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(4)(a), (b) and 22 NYCRR 1240.12(c)(1), striking respondent's name from the roll of attorneys, on the ground that he has was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90(4)(e). The AGC served respondent with this motion by email and first-class mail on June 26, 2024, but he has not appeared in this proceeding or interposed any response.
Judiciary Law § 90(4)(a) provides that any attorney "convicted of a felony . . . shall[,] upon such conviction, cease to be an attorney." A felonyincludes "any criminal offense committed in any other state, district, or territory of the United Sates and classified as a felony therein which if committed within this state would constitute a felony in this state" (Judiciary Law § 90[4][e]). In making this determination, the federal felony need "not be a mirror image of the New York felony," but it must possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see e.g. Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Rosenthal, 64 AD3d 16, 18 [1st [*2]Dept 2009]).
In support of its motion, the AGC asserts that the federal felony of conspiracy to commit murder for hire is "essentially similar" to the New York felony of conspiracy to commit murder, Penal Law § 105.15. A person is guilty of murder for hire, pursuant to 18 USC § 1958(a), if the person "travels in . . . interstate or foreign commerce, or uses . . . any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt or . . . for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so." This Court takes Judicial Notice of respondent's federal judgment of conviction (see matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1225 [3d Dept 2015]).
In comparison, under New York law, a person is guilty of murder in the first degree, a class A felony, when "[w]ith intent to cause the death of another person, he causes the death of such person . . . and . . . procured commission of the killing pursuant to an agreement with a person . . . to commit the same for the receipt, or in expectation of the receipt, of anything of pecuniary value from a party to the agreement . . ." (Penal Law § 125.27 [1][a][vi]). New York law also provides that "[a] person is guilty of conspiracy in the second degree when, with intent that conduct constituting a class A felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.15).
In Matter of Krantz (223 AD2d 37, 38 [1st Dept 1996]), this Court held that "the [federal] crime of conspiracy to commit murder for hire is essentially similar to a conviction of conspiracy to commit murder under New York Penal Law § 105.15." Thus, respondent's conviction of murder for hire, a federal felony, is essentially similar to a conviction of conspiracy to commit murder (Penal Law §§ 105.15, 125.27) and constitutes a proper predicate for automatic disbarment under Judiciary Law § 90(4) (see Krantz, 223 AD2d at 38).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York in accordance with Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to May 8, 2023.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department's for an order pursuant to Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Allen A. Gessen, admitted as Allen Aleksey Gessen, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to May 8, 2023, and until further order of this Court, and,
It is further Ordered that, pursuant to Judiciary Law § 90, respondent Allen A. Gessen, admitted as Allen Aleksey Gessen, is commanded to desist and refrain from (1) [*3]the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Allen A. Gessen, admitted as Allen Aleksey Gessen, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Allen A. Gessen, admitted as Allen Aleksey Gessen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: September 19, 2024