[699 NYS2d 399]

In the Matter of WILLIAM M. KIRSCHNER (Admitted as WILLIAM MARTIN KIRSCHNER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 9, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent William M. Kirschner was admitted to practice

law in the State of New York by the First Judicial Department on October 10, 1972. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On October 28, 1996, a probable cause affidavit was filed with the Circuit Court of Palm Beach County, Florida, alleging that respondent violated Florida Statutes Annotated § 817.034 (4) (a) (1), organized scheme to defraud in excess of $50,000; § 812.014 (1), (2) (b), grand theft; § 494.0025 (1), (4), operating as an unlicensed mortgage lender (two counts); § 517.301 (1) (a) (2), investment fraud; and § 832.05 (2) (b), a misdemeanor. In an information subsequently filed in the Circuit Court of Palm Beach County, respondent was charged with, *inter alia*, grand theft in the second degree, a felony, in violation of Florida Statutes Annotated § 812.014 (2) (b).

On January 5, 1998, respondent pleaded no contest to the allegations set forth in Count Two of the information, namely, grand theft in the second degree. The court found that the factual basis for the plea was that respondent, on or about February 6, 1993, received $85,000 from Beverly and Walter Kreisberg and Monroe and Adele Ridless pursuant to a mortgage investment scheme whereby respondent was to lend the funds to third parties, with interest. The Kreisbergs and Ridlesses would then receive a return on their investments as the result of the payments.

Respondent, however, without the permission or authority of the Kreisbergs or Ridlesses, used the funds for personal purposes and failed to return payments made on mortgages and other investment devices. The court found that the funds were not respondent's to use and sentenced him to a two-year suspended sentence, probation for a period of 15 years, and ordered him to pay restitution of $85,000, court costs of $261, and cost of prosecution of $50.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys on the ground that he is subject to automatic disbarment pursuant to Judiciary Law § 90 (4) by reason of his conviction of a felony as defined in Judiciary Law § 90 (4) (e). This Court, by order entered June 28, 1999, granted petitioner's motion permitting notice of the instant petition to respondent by publication, pursuant to Judiciary Law § 90 (6) and 22 NYCRR 601.1. The notice and petition subsequently appeared in the New York Law Journal on July 16, 1999. The respondent, however, has not appeared in this proceeding.

Petitioner correctly maintains that automatic disbarment under Judiciary Law § 90 (4) (b) is appropriate since respondent's conviction of grand theft in the second degree, in violation of Florida Statutes Annotated § 812.014 (2) (b), is essentially similar to the New York felony of grand larceny in the second degree, a class C felony under New York Penal Law § 155.40. Although the Florida statute requires that the property be valued at $20,000 or more, petitioner admitted, in pleading no contest to the charge, that he obtained funds totaling $85,000, which satisfies the requirement in Penal Law § 155.40 that the value of the property exceed $50,000.

Accordingly, since the respondent ceased to be an attorney upon his Florida conviction, the petition should be granted, the respondent disbarred, and his name stricken from the roll of attorneys.

SULLIVAN, J. P., NARDELLI, TOM, MAZZARELLI and FRIEDMAN, JJ., concur.

Petition granted and respondent disbarred from the practice of law in the State of New York, as indicated.