*85 OPINION OF THE COURT
Per Curiam.
On December 1, 2006, the respondent pleaded guilty in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida, to two counts of grand theft in the first degree, a felony in violation of Florida Statutes Annotated § 812.014 (2) (a). On March 1, 2012, the respondent pleaded guilty in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida, to five counts of uttering a forged instrument, a felony in violation of Florida Statutes Annotated § 831.02.
Pursuant to Judiciary Law § 90 (4) (a), “[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law.
Judiciary Law § 90 (4) (e) provides:
“For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state.”
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have “essential similarity” (Matter of Margiotta, 60 NY2d 147, 150 [1983]).
In Matter of Pelle (106 AD2d 1 [1985]), this Court held that the Florida felony of grand theft in the first degree, in violation of Florida Statutes Annotated § 812.014 (2) (a), was essentially similar to the New York felony of grand larceny in the second degree, then a class D felony pursuant to Penal Law former § 155.35. Similarly, in Matter of Kirschner (263 AD2d 154 [1999]), the Appellate Division, First Department, determined the lesser charge of grand theft in the second degree under Florida Statutes Annotated § 812.014 (2) (b), to be essentially similar to the New York felony of grand larceny in the second degree, now a class C felony in violation of Penal Law § 155.40. In Pelle, this Court also determined that the Florida felony of uttering a forged instrument, in violation of Florida Statutes Annotated § 831.02, was essentially similar to criminal possession of a forged instrument in the second degree, a class D felony pursuant to Penal Law § 170.25.
*86 Thus, the offenses of which the respondent was convicted in Florida constitute felonies within the meaning of Judiciary Law § 90 (4) (e).
By virtue of his felony convictions, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
The respondent has not submitted opposition to the motion of the Grievance Committee for the Tenth Judicial District. Accordingly, the motion to strike the respondent’s name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent’s disbarment as of December 1, 2006.
Eng, EJ, Mastro, Rivera, Skelos and Lott, JJ., concur.
Ordered that the petitioner’s motion is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Joseph Marijan Barisic, is disbarred, effective December 1, 2006, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
Ordered that the respondent, Joseph Marijan Barisic, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph Marijan Barisic, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,
Ordered that if the respondent, Joseph Marijan Barisic, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).