[993 NYS2d 21]

In the Matter of ANTHONY CHIOFALO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 25, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Anthony Chiofalo*, respondent pro se, no appearance.

## OPINION OF THE COURT

Per Curiam.

Respondent Anthony Chiofalo was admitted to the practice of law in the State of New York by the Second Judicial Department on March 16, 1988. Respondent previously maintained an office for the practice of law within the First Judicial Department. Respondent now resides in Texas, where, at all times relevant to this proceeding, he maintained a registered business address.

By order entered September 14, 2010, effective October 30, 2010, this Court suspended respondent from the practice of law for two years, and until further order of this Court, for his use of obscene, insulting, and threatening language in correspondence addressed to, among others, his former wife and her matrimonial attorneys, and his filing of a meritless federal lawsuit against his former wife, her attorneys, various judges, and others (*see* 78 AD3d 9 [1st Dept 2010]). To date, respondent has not applied for reinstatement.

The Departmental Disciplinary Committee (the Committee) now seeks an order under Judiciary Law § 90 (4) (a) and (b) striking respondent's name from the roll of attorneys on the ground that he was convicted of a felony, as Judiciary Law § 90 (4) (e) defines, and has therefore been automatically disbarred. The Committee served the petition on respondent, who is currently incarcerated, by first-class and certified mail, return receipt requested, but he has not responded.

On May 5, 2014, respondent pleaded guilty in Harris County, Texas, to first-degree felony theft in excess of $200,000 in violation of Texas Penal Code § 31.03. On the same date he pleaded guilty, respondent was sentenced to 40 years' imprisonment, ordered to pay $3 million in restitution to Tadano America Corporation (Tadano) and assessed $239 in court costs.

Respondent's conviction stemmed from his employment with Tadano, a Japanese crane manufacturer. In January 2009, Tadano hired respondent to be the head of its legal affairs and human resources department. Respondent was responsible for contracting with outside law firms to handle Tadano's litigation and for approving payments for legal services. According to Tadano, respondent never informed the company of his suspension from the practice of law in New York.

In April 2011, respondent filed documents with the Texas Secretary of State to form a Texas corporation, Maio & Carde-

nas, LLC, a fictitious law firm for which respondent was listed as the registered agent and managing member. From approximately May 2011 to May 2012, respondent caused Tadano to issue checks totaling $9,329,546 to Maio & Cardenas for legal services it never performed. Respondent deposited the checks into an account he controlled and then used the funds to purchase, among other things, artwork, collectible comic books and sports memorabilia. Tadano terminated respondent's employment after learning of his fraudulent conduct.

Judiciary Law § 90 (4) provides for the automatic disbarment of an attorney convicted of a "felony," defined as "any criminal offense committed in any other state . . . classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]; *see also Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]). For a determination that an out-of-state felony has a New York analogy, the out-of-state felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Respondent's conviction for first-degree theft under Texas Penal Code § 31.03 is essentially similar to the New York felony conviction of grand larceny in the second degree (Penal Law § 155.40) based on their statutory language. Indeed, Texas Penal Code § 31.03 provides, in relevant part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent . . .

"(e) Except as provided by Subsection (f), an offense under this section is . . .

"(7) a felony of the first degree if the value of the property stolen is $200,000 or more."

Similarly, New York Penal Law § 155.40 provides, in relevant part: "[a] person is guilty of grand larceny in the second degree when he steals property and when: 1. The value of the property exceeds fifty thousand dollars . . . Grand larceny in the second degree is a class C felony."

The felony to which respondent pleaded guilty in Texas, by definition, involves the theft of property with a value of at least $200,000. Penal Law § 155.40 involves theft of property with a value in excess of $50,000. Simply put, respondent's conduct satisfies the threshold amounts of both statutes. The language

of Texas Penal Code § 31.03 aligns with the language of Penal Law § 155.40. Thus, respondent's felony conviction in Texas would also constitute a felony in New York and warrants automatic disbarment (*see e.g. Matter of Mahler*, 76 AD3d 388 [1st Dept 2010] [California felony conviction for murder in the second degree found essentially similar to New York felony of manslaughter in the second degree]; *Matter of Woods*, 56 AD3d 184 [1st Dept 2008] [Michigan felony DWI conviction found essentially similar to New York felony DWI]).

Accordingly, the Committee's petition is granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 5, 2014.

MAZZARELLI, J.P., ACOSTA, MOSKOWITZ, FREEDMAN and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselor-at-law in the State of New York, nunc pro tunc to May 5, 2014.