[55 NYS3d 415]

In the Matter of MARK F. DICKSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 7, 2017

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Stacey J. Sharpeletti* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On September 1, 2016, the respondent entered a plea of no contest before the Honorable Lisa Porter, in the 17th Judicial Circuit Court in and for Broward County, Florida, to four counts of grand theft in the first degree, in violation of Florida Statutes Annotated § 812.014 (1) (a), (b) and (2) (a) (1); six counts of grand theft in the second degree, in violation of Florida Statutes Annotated § 812.014 (1) (a), (b) and (2) (b) (1); and three counts of grand theft in the third degree, in violation of Florida Statutes Annotated § 812.014 (1) (a), (b) and (2) (c) (3). He was sentenced to a term of 7 years' imprisonment, followed by 10 years' probation. In addition, he was directed to make restitution.

The underlying facts involved a scheme whereby the respondent misled his clients (insurance companies seeking recovery of damages from at-fault parties) into thinking their claims could not be resolved and that they should close their files. Once his clients walked away, the respondent would secretly negotiate settlements and keep the money for his personal use.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

Florida Statutes Annotated § 812.014 (1) (a) provides that: "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently . . . [d]eprive the other person of a right to the property or a benefit from the property." A person commits grand theft in the second degree if "the property stolen is valued at $20,000 or more, but less than $100,000" (Fla Stat Ann § 812.014 [2] [b] [1]).

The Florida offense of grand theft in the second degree is "essentially similar" to the New York offense of grand larceny in the third degree, in violation of Penal Law § 155.35 (1), a class D felony, which provides that "[a] person is guilty of grand larceny in the third degree when he or she steals property and . . . . when the value of the property exceeds three thousand dollars" (*see Matter of Hodkin*, 142 AD3d 193 [2016]; *see also Matter of Barisic*, 110 AD3d 84 [2013]).

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on the respondent's conviction of a felony. Although personally served with a copy of the motion on January 26, 2017, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of his conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on September 1, 2016.

We note that New York State Office of Court Administration records reflect that the respondent is delinquent in the payment of his attorney re-registration fees for three biennial periods: 2012-2013, 2014-2015, and 2016-2017.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Mark F. Dickson, is disbarred, effective September 1, 2016, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mark F. Dickson, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark F. Dickson, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark F. Dickson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).