Matter of Wiener (2020 NY Slip Op 02386)





Matter of Wiener


2020 NY Slip Op 02386


Decided on April 23, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton, Justices.


M-7534

[*1]In the Matter of Hilton M. Wiener, (admitted as Hilton Mark Wiener), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Hilton M. Wiener, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Hilton M. Wiener, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 7, 1975.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sean A. Brandveen, of counsel), for petitioner.
Foley Griffin LLP, (Chris McDonough, of counsel), for Respondent.



PER CURIAM


Respondent Hilton M. Wiener was admitted to the practice of law in the State of New York by the Second Judicial Department on May 7, 1975, under the name Hilton Mark Wiener. At all times relevant to this proceeding, respondent has maintained a registered address within the First Judicial Department.
In 2015, an amended information was filed in the Circuit Court of the Seventeenth Judicial District, Broward County, Florida charging respondent with grand theft in the third degree, a felony under Florida Statutes Annotated §§ 812.014(1)(a) and (b), and 812.014(2)(c)[3]. The charge arose out of his knowing misappropriation of at least $10,000 from his employer where he worked as a paralegal from April 10, 2010 through February 17, 2011.
On January 8, 2018, respondent entered a guilty plea to the grand theft charge, and entered into a deferred prosecution agreement. Pursuant to that agreement, prosecution would be deferred for one year provided he enter a pretrial intervention (PTI) program and pay $20,000 in restitution. Upon successful completion of the program, his plea would be vacated and the case dismissed. The court signed a disposition order form which noted a "Change of Plea" to "Guilty," and "Sentence Withheld" with a notation regarding the PTI program.
On March 29, 2018, respondent was arrested for driving under the influence of alcohol (DUI charge) and was expelled from the PTI program. As a result, on May 18, 2018, the court noted that respondent had already pleaded guilty on the grand theft charge, agreed to "withhold adjudication", and sentenced him to one year probation. In November 2018, the court granted respondent early termination of this probation.
In September 2018, respondent pleaded guilty to reckless driving, the DUI charge was dismissed, and he was sentenced to one year of probation.
Now, the Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b), on the ground that he was convicted of a felony in Florida as defined by Judiciary Law § 90(4)(e), namely, grand theft in the third degree, and has therefore been automatically disbarred.
In the alternative, the Committee requests that respondent's conviction be deemed a "serious crime," he be immediately suspended, and that this matter be referred for a sanction hearing (see Judiciary Law § 90[4][d], [f], [g] and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12[c][2]
[ii],[iv]).
Respondent contends, however, that the Committee's motion should be denied in its entirety. He argues that the Committee's position that he has been automatically disbarred based on his guilty plea is not sustainable because the Committee cannot satisfy Judiciary Law § 90(4)(b) given that there has been no presentation of "a certified or exemplified copy of [a] judgment of such conviction" upon which to strike his name from the roll of attorneys. To that end, and relying on Peters v State, 984 So 2d 1227, 1231-1232 (Fla 2008), cert denied 555 U.S. 1109 (2009) and Thomas v State, 356 So 2d 846, 847 (Fla Dist Ct App 1978), respondent points to the fact that the court's withholding of adjudication pursuant to Florida Statutes Annotated §§ 948.01(1) and 948.01(2) evidences that there was no actual conviction.
Notwithstanding his concession that there are instances under Florida law in which a guilty plea, where adjudication has been withheld, meets the definition of a conviction, respondent argues that there is no statutory provision or case law which defines as a "conviction" a guilty plea to the offense of grand theft in the third degree where adjudication has been withheld. The argument is without merit.
While this matter "presents a somewhat unique scenario" because the Florida court, pursuant to Florida Statutes Annotated §§ 948.01(1) and 948.01(2), did not issue a final judgment of conviction as it withheld adjudication and sentenced respondent to probation, contrary to respondent's argument, his guilty plea qualifies as a "conviction" sufficient to trigger automatic disbarment under Judiciary Law § 90(4)(a) and (b).
Under Florida's Rules of Criminal Procedure 3.670, after a defendant has been "found guilty, a judgment of guilty ... shall be rendered in open court and in writing, signed by the judge, filed and recorded. However, where allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation." Thus, under Florida law, the definition of "conviction" customarily requires a formal adjudication or judgment of conviction by a court. There, however, are exceptions (see e.g. Fla R Crim P 3.701[d][2] [sentencing guidelines] [" [c]onviction' means a determination of guilt resulting from plea or trial, regardless of whether [*2]adjudication was withheld or whether imposition of sentence was suspended"]; see also State v McFadden, 772 So 2d 1209, 1215-1216 [Fla 2000] [Florida Supreme Court adopted a definition of "conviction" for impeachment purposes under Florida Evidence Code to require an adjudication of guilt or judgment of conviction by a trial court but nevertheless recognized that it had also defined "conviction" as encompassing, inter alia, a guilty plea]). The fact that Florida's definition of a conviction may vary based on context is of no import. As a matter of policy, New York's interest in protecting the public from an attorney who has admittedly engaged in felonious conduct takes precedence over any rehabilitative objectives embraced by Florida's criminal statutes. That said, given that respondent is not admitted to practice in Florida, New York law, not Florida law, controls in this matter (New York Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.5(b)(2)(i)).[FN1]
New York's CPL 1.20(13) clearly defines a conviction as occurring at the time a guilty plea is entered. While Judiciary Law § 90(4)(a) does not specifically define the term "conviction," "[l]est there be any doubt, for purposes of disciplinary proceedings a felony conviction calls for automatic disbarment upon entry of plea, rather than upon imposition of sentence" (Matter of Kourland, 172 AD2d 77, 79 [1st Dept 1991]; see Matter of Carpenter, 305 AD2d 19, 20 [1st Dept 2003]; Matter of Merrill, 214 AD2d 244, 245 [1st Dept 1995]). Under these circumstances, respondent's guilty plea is a conviction for the purposes of Judiciary Law § 90(4).
The question that remains is whether respondent's Florida conviction falls within Judiciary Law § 90(4), which provides for the automatic disbarment of an attorney convicted of a "felony," which is defined as "any criminal offense committed in any other state ... classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). For a determination that an out-of-state felony has a New York analogy, the out-of-state felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). If the language of the statutes do not encompass the same misconduct, then "essential similarity" may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information (see e.g. Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
As is relevant herein, Florida Statutes Annotated § 812.014 provides that:
"(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
"(a) Deprive the other person of a right to the property or a benefit from the property.
"(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property...."
A person commits grand theft in the third degree "if the property stolen is valued at $10,000 or more, but less than $20,000" (Fla Stat Ann 812.014(2)(c)[3]).
New York Penal Law § 155.05(1) defines larceny as follows:
"[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof."
New York Penal Law § 155.35 provides, in pertinent part:
"[a] person is guilty of grand larceny in the third degree when he or she steals property and:
1. when the value of the property exceeds three thousand dollars...
Grand larceny in the third degree is a class D felony."
While the two statutes at issue have not been compared, we have previously determined that the Florida felony of grand theft in the second degree is "essentially similar" to the New York felony of grand larceny in the second degree (see Matter of Kirschner, 263 AD2d 154 [1st Dept 1999]). For the reasons that follow, we find no basis to find differently with respect to respondent's Florida conviction for grand theft in the third degree vis-à-vis New York's felony of grand larceny in the third degree.
Respondent's Florida felony conviction for grand theft in the third degree (Fla Stat Ann §§ 812.014(1)(a), 812.014(1)(b), and 812.014(2)(c)[3]) is "essentially similar" to the New York felony of grand larceny in the third degree (Penal Law § 155.35[1]) because, regardless of whether the crime is deemed a "theft" rather than "stealing," the plain meaning of both statutes criminalize the knowing, wrongful taking or obtaining of property of another with intent to deprive.
Although the two statutes have different minimum threshold values as to the stolen property, Penal Law § 155.35(1)'s requirement that the valuation exceed $3,000 is in line with Florida Statutes Annotated § 812.014(2)(c)[3]'s requirement that the property at issue be "[v]alued at $10,000 or more, but less than $20,000" (see Matter of Chiofalo, 123 AD3d 22, 24 [1st Dept 2014] [Texas conviction for first degree felony theft in excess of $200,000 found analogous to conviction for grand larceny in the second degree as Texas statute's threshold amount satisfied by New York statute's requirement that theft involve property with value in excess of $50,000]). Furthermore, as part of his guilty plea, respondent pleaded guilty to the amended information that alleged, inter alia, that:
"between the 10th day of April, 2010 through the 17th day of February, 2011 ... [respondent] did ... unlawfully and knowingly obtain or use or endeavor to obtain the property of [his employer], to wit: U.S. Currency of the value of ten thousand dollars ($10,000) or more but less than twenty thousand dollars ($20,000) with the intent to either temporarily or permanently deprive [his employer] of a right to the property or benefit from the property, or to appropriate the property to his own use or to the use of any person not entitled to the use of the property, contrary to F.S. 812.014(1)(a), 812.014(1)(b), & 812.014(2)(c)[3] ..."
Respondent's restitution payment of $20,000 further evidences that he misappropriated no less than that amount from his employer.
Based on the foregoing, Florida's felony of grand theft in the third degree is "essentially similar" to New York's felony of grand larceny in the third degree. Given our determination, we do not reach the Committee's alternate request for "serious crime" related relief.
Accordingly, the Committee's motion is granted to the extent of deeming respondent automatically disbarred pursuant to Judiciary Law § 90(4)(a) and (b), and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 8, 2018.
All concur.
Order filed. [April 23, 2020]
The Committee's motion is granted to the extent that, respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(a) and (b), effective nunc pro tunc to January 8, 2018, and until further order of this Court.



Footnotes

Footnote 1:Rule 8.5(b)(2)(i), which pertains to choice of disciplinary law, provides that "[i]f the lawyer is licensed to practice only in
this state, the rules to be applied shall be the rules of this state."